UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

CHANDRA SMITH                                              CV

                              Plaintiff,

           -against-                                         **COMPLAINT**

NY 29 WEST LLC                                            **JURY TRIAL REQUESTED**

                            Defendant.
----------------------------------------------------------------x

## COMPLAINT

      Plaintiff Chandra Smith (hereafter referred to as "Plaintiff"), by counsel, Parker Hanski LLC, as and for the Complaint in this action against Defendant NY 29 West LLC (also referred to as "Defendant"), hereby alleges as follows:

## NATURE OF THE CLAIMS

      1.      This lawsuit opposes pervasive, ongoing, and inexcusable disability discrimination by the Defendant.  In this action, Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages, nominal damages, and attorney's fees, costs, and expenses to redress Defendant's unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and its implementing regulations; the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York State Executive Law ("Executive Law"); the New York State Civil Rights Law, § 40 *et. seq.*; and the New York City Human Rights Law ("NYCHRL"), Title 8 of the Administrative Code of the City of New York ("Administrative Code").  As explained more fully below, Defendant owns, operates, and controls a place of public accommodation that violates the above-

mentioned laws.  Defendant is vicariously liable for the acts and omissions of their

employees and agents for the conduct alleged herein.

## JURISDICTION AND VENUE

2.        This Court has jurisdiction over this matter pursuant to 42 U.S.C. §

12188, and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions

regarding the deprivation of Plaintiff's rights under the ADA.  The Court has

supplemental jurisdiction over Plaintiff's related claims arising under the New York State

and City laws pursuant to 28 U.S.C. § 1367(a).

3.        Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because

Defendant's acts of discrimination alleged herein occurred in this district and

Defendant's place of public accommodation that is the subject of this action is located in

this district.

## PARTIES

4.        Defendant NY 29 West LLC is a limited-liability company organized

under the laws of New York with its principal place of business at 21 West 37th Street,

New York, New York.

5.        Defendant is licensed to and does business in New York State.

6.        Defendant owns the property located at 21 West 37th Street in New

York County, New York (hereinafter referred to as "21 West 37th Street").

7.        Defendant NY 29 West LLC is the owner of the Fairfield Inn & Suites

New York Manhattan/Fifth Avenue, which is located at 21 West 37th Street.

8.        At all relevant times, defendant has and continues to operate a hotel at 21

West 37th Street doing business as Fairfield Inn & Suites New York Manhattan/Fifth

Avenue and/or Fairfield by Marriott Fifth Avenue (hereinafter referred to as the "Fairfield by Marriott Fifth Avenue" premises).

9.    The Fairfield by Marriott Fifth Avenue hotel provides an unparalleled location within walking distance from Amtrak Penn Station, Empire State Building, Fifth Avenue shopping, Grand Central Terminal and Bryant Park.  It provides a modern décor, complimentary Wi-Fi, plush bedding and ergonomic workstations.

10.   At all times relevant to this action, Plaintiff Chandra Smith has been and remains currently a resident of the State of Maryland.

11.   In or around 2021, Plaintiff Chandra Smith became a triple amputee with other related medical conditions.  Since that time, Plaintiff has been unable to walk and utilizes a wheelchair for mobility.

12.   In September 2023, Plaintiff was crowned Miss Wheelchair America.

13.   Wheelchair accessibility is a critical issue for plaintiff in making a hotel reservation.

14.   So before making her reservation, plaintiff researched whether Fairfield by Marriott Fifth Avenue hotel provided wheelchair accessible guestrooms, which research involved reviewing the website for the Fairfield by Marriott Fifth Avenue hotel that advertises that it provides accessible guestrooms. See https://www.marriott.com/en-us/hotels/nyctm-fairfield-inn-and-suites-new-york-manhattan-fifth-avenue/overview/

15.   Just to make sure that the website was accurate, plaintiff also called Fairfield by Marriott Fifth Avenue and specifically asked for them to confirm that her hotel room is accessible to wheelchair users.  The staff at Fairfield by Marriott Fifth Avenue responded that plaintiff's hotel room is wheelchair accessible.

3

16.     Plaintiff is enrolled in the Marriott Bonvoy program, which is one of the largest hotel rewards programs in the world and encompasses 30 hotel brands.  Plaintiff chooses to stay at hotels participating in the Marriott Bonvoy program.

17.     The Fairfield by Marriott Fifth Avenue hotel participates in the Marriott Envoy program.

18.     In October 2023, plaintiff made a reservation for a wheelchair accessible hotel room at the Fairfield by Marriott Fifth Avenue.

19.     Plaintiff frequently travels by Amtrak and the Fairfield by Marriott Fifth Avenue is conveniently located only a few blocks away from the Amtrak station in New York City.  Plaintiff therefore does not need any transportation to travel to and from the hotel and Amtrak.

20.     On Saturday, October 21, 2023, Plaintiff checked in the Fairfield by Marriott Fifth Avenue hotel.  As explained herein, plaintiff experienced numerous inaccessible conditions that made her stay dangerous to her safety and physically difficult.

21.     Plaintiff complained to the management of the hotel but was told that all of the five designated wheelchair accessible guestrooms have the same set up.

22.     The inaccessible conditions were so bad that Plaintiff required hotel assistance in entering and leaving her hotel room.

23.     Nonetheless, plaintiff endured the unsafe and humiliating conditions.

24.     On October 22, 2023, Plaintiff marched in the Disability Pride Parade, which parade started at Madison Square Park and ended at Union Square.

25.     The Wall Street Journal published a picture of Plaintiff marching in the parade on page 2 of its October 23, 2023, paper.

26.     Plaintiff intends on returning to New York City and wants the option to stay at the Fairfield by Marriott Fifth Avenue.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

27.     Defendant is a public accommodation as it owns, controls and/or operates a place of public accommodation, the Fairfield by Marriott Fifth Avenue premises located at 21 West 37th Street, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102(9)).

28.     The Fairfield by Marriott Fifth Avenue premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code (§ 8-102(9)) as it is a hotel facility operated by a private entity and its operations affect commerce.

29.     Numerous architectural barriers exist at the Fairfield by Marriott Fifth Avenue premises that prevent and/or restrict access to Plaintiff, a person with a disability, which include, but are not limited to, architectural barriers at the paths of travel.

30.     Upon information and belief, 21 West 37th Street was designed and constructed for first possession after 2006.

31.     Upon information and belief, at some time after 2006, alterations were made to 21 West 37th Street, including areas adjacent and/or attached to 21 West 37th Street.

32. Upon information and belief, at some time after 2006, alterations were made to the Fairfield by Marriott Fifth Avenue premises, and to areas of 21 West 37th Street related to the Fairfield by Marriott Fifth Avenue premises.

33. The services, features, elements and spaces of the Fairfield by Marriott Fifth Avenue premises are not readily accessible to, or usable by Plaintiff as required by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991 as the Standards for Accessible Design (hereinafter referred to as the "1991 Standards" or the "1991 ADA") or the revised final regulations implementing Title III of the ADA adopted by the United States Department of Justice in 2010 as the 2010 Standards for Accessible Design (hereinafter referred to as the "2010 Standards" or the "2010 ADA").

34. Because of Defendant's failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, Plaintiff was and has been unable to enjoy safe, equal, and complete access to all of the areas of the Fairfield by Marriott Fifth Avenue premises that are open and available to the public.

35. Defendant's place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, and/or the Building Code of the City of New York ("BCCNY").

36. Barriers to access that Plaintiff experienced, encountered and/or which deter Plaintiff from patronizing the Fairfield by Marriott Fifth Avenue premises as well as architectural barriers that exist include, but are not limited to, the following:

I. Defendant fails to provide accessible hotel rooms. See 1991 Standards §§ 9.1 and 9.2; and 2010 Standards §§ 224 and 806.

6

II.  Defendant fails to provide persons with disabilities the range of options equivalent to the options available to non-disabled persons. See 1991 Standards §§ 9.1 and 9.2; and 2010 Standards §§ 224.5 and 806.2.

III.  Defendant fails to provide an accessible shower compartment. See 1991 Standards § 4.21; and 2010 Standards § 608.

IV.  Defendant fails to provide accessible grab bars inside the shower compartment. See 1991 Standards § 4.21.4; and 2010 Standards §§ 608.3 and 609.

V.  Defendant fails to provide an accessible shower spray unit inside shower compartment. See 1991 Standards § 4.21.6; and 2010 Standards § 608.6.

VI.  Defendant fails to provide an accessible seat inside the shower compartment. See 1991 Standards § 4.21.3; and 2010 Standards § 610.

VII.  Defendant fails to provide that persons with disabilities may reserve accessible guestrooms/suites in the same way and on the same terms that other persons can reserve guestrooms/suites. See 28 C.F.R. § 36.302.

VIII.  Defendant fails to provide that all reservation staff (including staff located on-site at the Hotel and staff located off-site at a reservations center) have ready access to information about the lodging facility's accessible guestrooms/suites (including specific information on room layout and types and sizes of accessible showers, bathtubs and other features, such as tub seats) for use in making reservations and answering questions. *See* 28 C.F.R. § 36.302.

IX.  Defendant fails to provide that staff are made available to move furniture and provide and adjust accessible features in guestrooms when features require installation or adjustment to ensure accessibility. See 28 C.F.R. § 36.302(a).

X.  Defendant fails to provide the minimum maneuvering clearance of level and clear space adjacent to the handle side of the non-automatic hotel room doors.  See 1991 Standards §§ 4.1.3(7), 4.13.6; and 2010 Standards §§ 206.5.2, 404.2.4.1, 305.3, 404.3.

XI.  Defendant fails to provide the minimum maneuvering clearance of level and clear space adjacent to the handle side of the non-automatic hotel room doors.  See 1991 Standards §§ 4.1.3(7), 4.13.6; and 2010 Standards §§ 206.5.2, 404.2.4.1, 305.3, 404.3.

XII.  Defendant fails to provide the minimum maneuvering clearance of level and clear space adjacent to the handle side of the non-automatic door is free of obstructions. See 1991 Standards §§ 4.1.3(7), 4.13.6; and 2010 Standards § 206.5.2, 404.2.4.3, 305.3, 404.3.

XIII.   Defendant's interior doors require more than five pounds of force to open.  See 1991 Standards § 4.1.3(7), 4.13.11; and 2010 Standards §§ 206.5.2, 404.2.9.

XIV.   Defendant's hotel room doors fail to open a full 90 degrees.  See 1991 Standards §§ 4.13.4, 4.13.5, 4.1.3(7); 2010 Standards §§ 404.2.3; BCCNY § 1107.6.1.3; and Administrative Code § 27-371(e).

XV.   The threshold for Defendant's hotel room doors is more than one-half inch.  See 1991 Standards §§ 4.l.3(7), and 4.13.8; and 2010 Standards §§ 403.4, 303.

XVI.   Defendant fails to provide an accessible toilet room inside the designated accessible hotel room.  See Standards §§ 4.23, 4.18, 4.19, 4.17, 4.24, 4.22, 4.1.6(e) and 4.1.3(11); 2010 Standards §§ 213.1, 213.2, 603.1, 604, 605, 606; Administrative Code §§ 27-292(b), 27-292.12, RS-16, and P104.09(c); and BCCNY § 1109.2.

XVII.   Defendant fails to provide the minimum required maneuvering clearance of level and clear floor space inside the toilet room.  See 1991 Standards §§ 4.16.2, 4.17.3, 4.23.3, 4.22.3; and 2010 Standards §§ 604.3, 604.8.1.1; and Administrative Code §§ 27-292, RS-16, and P104.09(c).

XVIII.   Defendant fails to provide the minimum required turning diameter of 60 inches of level and clear space inside the toilet room.  See 1991 Standards § 4.2.3; 4.23.3, 4.22.3; and 2010 Standards §§ 603.2.3, 304.

XIX.   Defendant fails to provide that the pipes under the lavatory are insulated, nonabrasive, or otherwise protected against contact thereby exposing plaintiff to severe personal injury.  See 1991 Standards §§ 4.1.3(11), 4.19.4, 4.22.6, 4.24.6; and 2010 Standards §§ 213.3.4, 606.5.

XX.   Defendant fails to provide that the bottom edge of the reflecting surface of the mirror above the lavatory is no greater than 40 inches above the finished floor.  See 1991 Standards §§ 4.1.3(11), 4.19.6, 4.23.6, 4.22.6; and 2010 Standards §§ 213.3.4, 603.3, 213.3.5.

XXI.   Defendant fails to provide the minimum maneuvering clearance of level and clear space adjacent to the handle side of the door to the toilet room.  See 1991 Standards §§ 4.22.2, 4.17.5, 4.1.3(7), 4.13.6; and 2010 Standards §§ 404.2.4.1, 305.3, 604.8.1.2.

XXII.   Defendant fails to provide that the racks (including the towel rack), phone, and other devices on the wall inside the toilet room are located within an accessible reach range.  See 1991 Standards §§ 4.25.3, 4.2.6, 4.2.5, 4.1.3(12); and 2010 Standards §§ 213.3.7, 308, 308.2, 308.3, 309.3, 603.4, 604.8.3; and BCCNY § 1109.8.3.

8

XXIII.   Defendant fails to provide that the flush control is located on the open side of the water closet.  See 1991 Standards § 4.16.5; and 2010 Standards § 604.6.

XXIV.   Defendant fails to provide that the distance from the centerline of the toilet paper dispenser to the front of the toilet is between 7 inches and 9 inches.  See 1991 Standards § 4.16.6; and 2010 Standards § 604.7.

37.     Upon information and belief, a full inspection of the Fairfield by Marriott Fifth Avenue premises will reveal the existence of other barriers to access.

38.     As required by the ADA (remedial civil rights legislation) to properly remedy Defendant's discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of the Fairfield by Marriott Fifth Avenue premises in order to catalogue and cure all of the areas of non-compliance with the ADA.  Notice is therefore given that Plaintiff intends to amend the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

39.     Defendant has denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

40.     Defendant has not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws. Nor have Defendant made or provided accommodations or modifications for persons with disabilities.

41.     Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendant's non-compliance with the laws prohibiting disability discrimination. The barriers to access within the Fairfield by Marriott Fifth Avenue premises continue to exist and deter Plaintiff from returning.

42.     Plaintiff intends to patronize the Fairfield by Marriott Fifth Avenue premises after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

### FIRST CAUSE OF ACTION
(**VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**)

43.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

44.     Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA.  As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility, and also has restricted use of arms and hands.

45.     The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation.  28 C.F.R. 36.201(b).

46.     Under the ADA, both the property owner and lessee are liable to the Plaintiff, and neither can escape liability by transferring their obligations to the other by contract (i.e., lease agreement).  28 C.F.R. 36.201(b).

47.     Defendant has and continues to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation all because Plaintiff is disabled.  Defendant's policies and practices have and continue to subject Plaintiff to disparate treatment and disparate impact.

48.     By failing to comply with the law in effect for decades, Defendant has articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

10

49.     Defendant has discriminated against the Plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled Plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards.  See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

50.     The Fairfield by Marriott Fifth Avenue premises are not fully accessible and fail to provide an integrated and equal setting for people with disabilities, in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

51.     Defendant failed to make alterations accessible to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2).

52.     The paths of travel to the altered primary function areas were not made accessible in violation of 28 C.F.R. § 36.403.

53.     Defendant failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304.  It would be readily achievable to make Defendant's place of public accommodation fully accessible.

54.     By failing to remove the barriers to access where it is readily achievable to do so, Defendant has discriminated against Plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

55.     In the alternative, Defendant has violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

11

56.     Defendant's failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

57.     Defendant has and continues to discriminate against Plaintiff in violation of the ADA by failing to maintain and/or create a wheelchair accessible public accommodation.

## SECOND CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)

58.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

59.     Plaintiff has various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range.  Plaintiff therefore has from a disability within the meaning of the Executive Law § 296(21).

60.     In 2019, the New York State legislature enacted legislation that provides effective immediately that the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed".  See Executive Law § 300 [effective date: August 12, 2019].

61.     By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

62.     Defendant has and continues to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because Plaintiff is disabled.

63.     Defendant discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation.  Each of the Defendant has aided and abetted others in committing disability discrimination.

64.     Defendant has failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

65.     In the alternative, Defendant has failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL (Executive Law § 296(2)(c)(iv)).

66.     It would be readily achievable to make Defendant's place of public accommodation fully accessible.

67.     It would not impose an undue hardship or undue burden on Defendant to make their place of public accommodation fully accessible.

68.     As a direct and proximate result of Defendant's unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

69.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**(VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)**

70.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

71.     Plaintiff has various medical conditions that separately and together, impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range - and thus Plaintiff has a disability within the meaning of the NYCHRL (Administrative Code § 8-102(16)).

72.     Defendant has and continues to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).  Each of the Defendant has aided and abetted others in committing disability discrimination.

73.     Defendant has and continues to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the ADA as alleged herein.

74.     Defendant has discriminated, and continue to discriminate, against Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating and/or maintaining an inaccessible commercial facility/space.

75.     Defendant has subjected, and continue to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

14

76.     Defendant's policies and procedures inclusive of the policies of refusing to expend funds to design, create and/or maintain an accessible commercial facility/space is a discriminatory practice in violation of NYCHRL (Administrative Code § 8-107(4)).

77.     In violation of the NYCHRL (Administrative Code § 8-107(6)), Defendant has and continues to, aid and abet, incite, compel, or coerce each other in each of the other Defendant's attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the NYCHRL.

78.     Defendant's conduct also violates the NYCHRL, Administrative Code 8-107 (17), which states that "an unlawful discriminatory practice . . . is established . . . [when plaintiff] demonstrates that a policy or practice of a covered entity or a group of policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

79.     Because Defendant's public accommodation is not readily accessible and usable by people with disabilities, Defendant has demonstrated a policy or practice that has a disproportionately negative impact on people with disabilities (including Plaintiff).

80.     Defendant's conduct constitutes an ongoing and continuous violation of the NYCHRL.  Unless Defendant are enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law.  In particular, Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendant's public accommodation.

81.     As a direct and proximate result of Defendant's unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

82.     Upon information and belief, Defendant's long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

83.     By failing to comply with the law in effect for decades, Defendant has articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

84.     Defendant engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

85.     By refusing to make their place of public accommodation accessible, Defendant has unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space.  Defendant's unlawful profits plus interest must be disgorged.

86.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

87.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

88.     Defendant discriminated against Plaintiff pursuant to New York State Executive Law.

89.     Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

90.     Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## INJUNCTIVE RELIEF

91.     Plaintiff will continue to experience unlawful discrimination because of Defendant's failure to comply with the above-mentioned laws.  Therefore, injunctive relief is necessary to order Defendant to alter and modify their place of public accommodation and their operations, policies, practices, and procedures.

92.     Injunctive relief is also necessary to make Defendant's facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

93.     Injunctive relief is further necessary to order Defendant to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, NYSHRL, and the NYCHRL.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendant, jointly and severally, in favor of Plaintiff that contains the following relief:

A.  Enter declaratory judgment declaring that Defendant has violated the ADA and its implementing regulations, NYSHRL and NYCHRL and declaring the rights of Plaintiff as to Defendant's place of public accommodation, and Defendant's policies, practices, and procedures;

B.  Issue a permanent injunction ordering **Defendant to close and cease all business** until Defendant remove all violations of the ADA, the 1991 Standards or the 2010 Standards, NYSHRL and NYCHRL, including but not limited to the violations set forth above;

C.  Retain jurisdiction over the Defendant until the Court is satisfied that the Defendant's unlawful practices, acts and omissions no longer exist and will not reoccur;

D.  Award Plaintiff compensatory damages and nominal damages because of Defendant's violations of the NYSHRL and the NYCHRL;

E.  Award Plaintiff punitive damages to punish and deter the Defendant for their violations of the NYCHRL;

F.  Award Plaintiff the monetary penalties for each violation of the law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

G.  Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the NYCHRL, and the ADA; and

H.  For such other and further relief, at law or in equity, to which Plaintiff

may be justly entitled.

Dated: November 22, 2023
       New York, New York

Respectfully submitted,

**PARKER HANSKI LLC**

By:___/s_____
        Glen H. Parker, Esq.
        Attorneys for Plaintiff
        40 Worth Street, Suite 602
        New York, New York 10013
        Telephone: (212) 248-7400 ex. 15
        Facsimile: (212) 248-5600
        Email: ghp@parkerhanski.com